UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANI CHAMBERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GENERAL MOTORS CORPORATION, *et al.*,<br><br>　　　　Defendants. | Civil No. 07cv1224-L(WMc)<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT AND REMANDING ACTION [doc. #13]** |

　　　Plaintiff filed an action in the Superior Court of the State of California, for the County of San Diego, on May 24, 2007, against defendants General Motors Corporation ("GM") and Bob Baker Chevrolet Subaru ("BBCS"). Because plaintiff had included a claim under the federal Magnuson-Moss Warranty Act ("MMWA"), defendants removed the action to federal court on the basis of the Court's original jurisdiction, 28 U.S.C. § 1331.

　　　Plaintiff seeks to amend her complaint to dismiss her third cause of action for violation of the MMWA and to have this action remanded to the San Diego Superior Court. Defendants oppose the motion. Plaintiff's motion has been fully briefed and the Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

/ / /

/ / /

## MOTION TO AMEND THE COMPLAINT

**A.     Legal Standards**

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, "a party may amend [its] pleading only by leave of the court or by written consent of the adverse party . . . ." FED. R. CIV. P. 15(a). Rule 15 states that leave to amend "shall be freely given when justice so requires." *Id.* The decision whether to grant or deny leave to amend is within discretion of the trial court; however, leave to amend should be freely given in the absence of prejudice to the opposing party. *See Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).

Courts consider four factors in deciding whether to grant a motion for leave to amend a complaint: (1) bad faith or dilatory motive on the part of the movant; (2) the futility of the proposed amendment; (3) undue delay in filing the motion; and (4) prejudice to the opposing party. *See Roth v. Marquez*, 942 F.2d 617, 628 (9th Cir. 1991)(citing *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). The party opposing the motion for leave to amend a complaint bears the burden of showing any of the above four factors. *See DCD Programs*, 833 F.2d at 186.

**B.     Discussion**

As noted above, plaintiff seeks to amend her complaint to dismiss the sole federal law claim, *i.e.,* the MMWA claim. Plaintiff states that her MMWA claim was alleged in error and therefore, she requests that this Court grant her motion to amend the complaint to delete the federal claim. Defendants do not appear to oppose plaintiff's request to delete the federal claim but instead argue that this Court should nevertheless retain jurisdiction over the state-law claims.

Because defendants are not prejudiced by the amendment to delete the federal claim, the amendment would not cause undue delay, and there is no showing of bad faith or dilatory motive on the part of plaintiff, plaintiff's motion to amend the complaint will be granted.

/ / /

/ / /

/ / /

**MOTION TO REMAND**

As noted above, defendants removed this action because the complaint alleged a violation based upon a substantial federal question. But with the sole federal claim omitted in the amended complaint, plaintiff seeks to have the action remanded to the state court. Defendants contend that the Court should retain jurisdiction of the case, however, because there is diversity of citizenship. Additionally, defendants assert the Court should exercise its supplemental jurisdiction over the state law claims.

### 1.   Diversity of Citizenship

Defendants contend that even if there is no substantive federal question remaining in the case, the Court may exercise its diversity jurisdiction. Recognizing that plaintiff has named a non-diverse California company as a defendant, defendants assert that BBCS is a "sham" defendant whose residency does not defeat diversity jurisdiction. Plaintiff moves for remand claiming BBCS is not a sham defendant.

Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. 28 U.S.C. § 1332(a)(1); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The one exception to this standard arises when a non-diverse defendant is made a party to an action as a "sham" to defeat diversity. *Morris*, 236 F.3d at 1067. Allegations of the presence of a sham defendant can only succeed on a showing that "there is no possibility that the plaintiff will be able to establish a cause of action" against that defendant under well-settled rules of state law. *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In other words, to be a "sham" defendant, the failure to state a claim against that defendant must be "obvious" under settled state law. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987). Defendants, as the removing party, have the burden of proving that the non-diverse defendants are shams. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendants contend that plaintiff's "complaint does not allege any independent allegations against Bob Baker Chevrolet Subaru, and has merely lumped the dealer into plaintiff's counsel's typical form complaint." (Opp. at 7). But as plaintiff correctly notes in her

reply memorandum, the fourth cause of action for violation of the Consumer Legal Remedies Act and the sixth cause of action for breach of the Implied Warranty of Merchantability adhere to the dealer, BBCS. (Reply at 2).

Because defendants have not shown that plaintiff could not possibly recover against the individual defendant BBCS, defendants have not met their burden to show that BBCS is a sham defendant. Accordingly, the Court finds that diversity jurisdiction is not present and remand to the Superior Court of the State of California in and for the County of San Diego is appropriate.

### 2. Exercise of Supplemental Jurisdiction

Defendants also argue that the Court should retain jurisdiction over the case even though the federal claim has been dismissed. Under 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367 provides in relevant part:

> (c) the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction . . . .

28 U.S.C. § 1367(c).

In the preceding section of this Order, this Court permitted plaintiff leave to amend the complaint to delete the sole federal claim over which it has original jurisdiction. Thus, the condition set forth in 28 U.S.C. § 1367(c)(3) is satisfied. The Court recognizes that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assoc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations omitted); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n. 7 (9th Cir. 2003) (The court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims).

In determining whether to remand, the Court considers the values of economy,

1  convenience, fairness and comity. *Acri*, 111 F.3d at 1001.  Here, plaintiff's remaining claims are
2  based solely on substantive state law and the state court is in the best position to apply and
3  interpret that law.  The claims were filed originally in state court, no discovery has taken place,
4  and this Court has only considered the current motion to amend and remand in this action.
5  Further, remand will not result in prejudice to defendants, because the case is at an early stage of
6  litigation. *See Bader v. Electronics for Imaging, Inc.*, 195 F.R.D. 659, 662-63 (N.D. Cal. 2000)
7  ("[W]hile a change from federal to state court might create a tactical disadvantage to defendants,
8  that is not legal prejudice.") (referencing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d
9  143 (9th Cir.1982)).  Accordingly, this Court declines to exercise supplemental jurisdiction over
10 the remaining state law claims and grants plaintiff's motion to remand.

## CONCLUSION

**IT IS ORDERED** granting plaintiff's motion to amend complaint.  **IT IS FURTHER ORDERED** remanding this matter to the San Diego County Superior Court.  **IT IS FURTHER ORDERED** directing the Clerk of the Court to close this case.

**IT IS SO ORDERED.**

DATED:  November 21, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL